IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQWANNA IGBAKIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1385 |
| | : | |
| FELICIA COOLEY, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**JONES, J.**                                                                                                          **JUNE 21, 2022**

*Pro se* Plaintiff Shaqwanna Igbakin filed a Complaint against individuals associated with the Pennsylvania Department of Human Services ("DHS"), alleging that they failed to investigate an incident involving the sexual abuse of her daughter. Igbakin seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Igbakin leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.       FACTUAL ALLEGATIONS**

Igbakin used the Court's standard form complaint to assert her claims. She checked the "diversity of citizenship" box as a basis for the Court's jurisdiction and lists New York as her state of citizenship and Pennsylvania as Defendants' state of citizenship. (Compl. at 2, 4.) [1] Although Igbakin did not check the box for federal question jurisdiction, she cites to the Equal Protection Clause of the Fourteenth Amendment as the constitutional right at issue in her case. (*Id*. at 2.)

Igbakin alleges that on August 28, 2021, her four-year old daughter was sexually abused by the nephew of Defendant Felicia Cooley inside Cooley's home in Philadelphia, Pennsylvania.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id*. at 2, 4.)  Cooley was allegedly "having an affair" with the father of Igbakin's daughter.  (*Id*. at 4, 5.)  Cooley works for "DHS" and is a "DHS-mandated cps [child protective services] worker."[2]  Cooley did not report the sexual abuse even though she was required do so by her office.  (*Id*. at 4.)  Igbakin alleges that Cooley's subordinates "fail[ed] to act and conduct a proper investigation" of the sexual abuse "in an attempt to protect [Cooley]."  (*Id*.)  For example, in November, 2021, Igbakin called Defendant Monica Pruett, "Southeast Regional Office State Investigator," and Defendant Caitlin Cachon, "Manager of the state hotline," and both "fail[ed] to act and "exercise [their] supervisory duties."  (*Id*.)  Igbakin also called Child Protective Services and spoke with Defendants Jane Doe (Operator 393), John Doe (Operator 431), John Doe (Operator 403), Jane Doe (Operator 407), and John Doe (Operator 431), all of whom "failed to act."  (*Id*.)

Igbakin alleges that Cooley did not report the sexual abuse of her daughter but instead tried to "cover [it] up" because of the affair she was having with the child's father at the time.  (*Id*. at 5.)  As a result of these events, Igbakin suffers from mental anguish and undergoes psychological treatment.  (*Id*.)  She seeks money damages for her pain and suffering.  (*Id*.)

## II.   STANDARD OF REVIEW

The Court grants Igbakin leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2] DHS employees are "[m]andated reporters . . . who are legally required to report suspected child abuse if they have reasonable cause to suspect that a child is a victim of child abuse."  *See* Department of Human Services, Report Abuse, available at https://www.dhs.pa.gov/KeepKidsSafe/Pages/Report-Abuse.aspx (last accessed June 10, 2022).

2

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Igbakin is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Igbakin to be asserting constitutional claims under § 1983 against Defendants. Construing the Complaint liberally, it is possible Igbakin also intended to assert a state law tort claim. The facts alleged, although unfortunate, do not state plausible constitutional or state law claims.

### A.    Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Igbakin alleges that Cooley failed to report the sexual abuse of her daughter despite being a mandated reporter. She also alleges that the remaining Defendants' intentional failure to investigate the sexual abuse of her daughter at Cooley's Philadelphia home, either to protect Cooley or to cover up the fact that Cooley was having an affair with the daughter's father, caused her psychological harm. However, Cooley's failure to report abuse committed by a third party does not amount to a constitutional violation. *See generally DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). Moreover, there is no independent constitutional right to an investigation by a governmental entity. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); *Spearman v. Sotello*, No. 18-2595, 2018 WL 3614042, at *1, 3 (E.D. Pa. July 27, 2018) (dismissing claims against the Department of Human Services for failing to properly investigate abuse charges of a minor because "there is no free-standing right to a government investigation"); *Fake v. Phila. Ct. of Common Pleas*, No. 16-3893, 2016 WL 6071365, at *8 (E.D. Pa. Oct. 17, 2016) (dismissing claim based on city employees' insufficient response to reports of child abuse because, inter alia, "a failure to investigate does not amount to a constitutional violation"), *aff'd sub nom. Fake v. City of Philadelphia*, 704 F. App'x 214 (3d Cir. 2017). Because the core of Igbakin's Complaint is that Defendants failed to investigate the sexual abuse of her daughter, and because allegations concerning a failure to investigate cannot

form the basis of an underlying constitutional violation under § 1983, any claims Igbakin intended to assert under § 1983 must be dismissed.[3]

### B. State Law Claims

Although Igbakin did not reference any state statutory or common law claims in her Complaint, liberally construing her allegations, it is possible she intends to assert a tort claim against Defendants for the alleged psychological harm she suffered because of their failure to investigate the sexual abuse. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."). However, the Court is unable to discern any plausible state law claim based on the facts alleged. To the extent that Igbakin intends to assert a claim for negligent infliction of emotional distress, such a claim is not available to her. "Under Pennsylvania law, 'the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative.'" *Wardlaw v. City of Philadelphia Street's Dep't*, 378 F. App'x 222, 225 (3d Cir. 2010) (*per curiam*) (quoting *Toney v. Chester Cnty. Hosp.*, 961 A.2d

---

[3] Although Igbakin refers to the Equal Protection Clause of the Fourteenth Amendment, nothing in the Complaint suggests a basis for an equal protection claim. "To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, the plaintiff must establish: (1) the existence of purposeful discrimination; and (2) the defendant's personal involvement in this discrimination. *Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 660 (E.D. Pa. 2020). Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received by other individuals *similarly situated.*" *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original). Here, Igbakin has not alleged facts to support a plausible inference that she was treated differently than others similarly situated as a result of purposeful discrimination.

192, 197-98 (Pa. Super. Ct. 2008)).[4]  None of Igbakin's allegations fall within any of the four scenarios.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Igbakin's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because any attempt to amend her claims would be futile, the dismissal will be with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**/s/ Hon. C. Darnell Jones II**

**C. DARNELL JONES, II, J.**

---

[4] As to the fourth scenario, the plaintiff's observance must be contemporaneous to the tortious injury.  *See Bloom v. Dubois Reg'l Med. Ctr.*, 597 A.2d 671, 682 (Pa. Super. Ct. 1991) ("To recover the plaintiff must have observed the defendant traumatically inflicting the harm on the plaintiff's relative, with no buffer of time or space to soften the blow.").